# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2727 | **DATE** | 1/6/2012 |
| **CASE TITLE** | Frerck vs. John Wiley & Sons, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff Robert Frerck has filed objections [69] to Magistrate Judge Brown's October 18, 2011 order [66, 67] granting Defendant John Wiley & Sons' motion for protective order and denying Plaintiff's motion for expedited discovery and an evidentiary hearing. For the reasons stated, below Plaintiff's objections [69] are overruled and Judge Brown's October 18, 2011 order [66, 67] is affirmed.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

# STATEMENT

In this action, Plaintiff alleges that Defendant has engaged in infringement of Plaintiff's copyrights of stock photographs that Defendant has used in its textbooks. In particular, Plaintiff contends that Defendant has exceeded the scope of its licenses to use Plaintiff's photographs.

In its early stages, this Court referred the case to Magistrate Judge Brown for discovery supervision and a settlement conference. The case in fact is set for a settlement conference on February 2, 2012. The Court remains hopeful that the parties will be able to focus on what appear to be fairly straightforward issues in dispute – namely, did Defendant exceed the scope of its license and, if so, what is fair compensation for having done so? In the meantime, the Court has before it Plaintiff's objections to Judge Brown's October 18 ruling on Defendant's motion for a protective order.

Where, as here, a district court considers objections to a magistrate judge's rulings on nondispositive matters, the magistrate judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). Under the clear error standard of review, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Plaintiff specifically argues objects to three aspects of Judge Brown's ruling:

1. Defendant's print run quantities and distribution information are not categorically excluded from the universe of proprietary, confidential information entitled to protection from automatic disclosure to the public;

**STATEMENT**

2. A party seeking to file a document designated "Confidential" must first file it provisionally under seal as a precursor to the Court's determining whether sealing is justified; and

3. Documents marked as "Confidential" in this case may not be used in "collateral litigation" without permission.

As to the first issue, this Court sees no error, much less clear error, in Judge Brown's ruling. Plaintiff's reliance on an order entered by an Arizona district court is not persuasive. To begin with, it appears that the motion before the Arizona court involved the sealing of a single document, not a general provision in an umbrella protective order. In any event, Defendant cites numerous cases in which courts have found good cause for deeming print run numbers to be confidential. Judge Brown's ruling does not even go that far, for it does not definitively rule on any particular document, including one pertaining to print run quantities. **[FN 1]** The cases cited by the parties thus confirm that Judge Brown's ruling is, at the very least, debatable – and thus neither clearly erroneous nor contrary to law.

> **[FN 1]** The Court expresses no view on the confidentiality of any specific document, including any document containing Defendant's print run and cost information. A motion concerning that issue [75] remains pending before Judge Brown.

In regard to issue two, Plaintiff's complaint that Judge Brown's ruling on the protective order undermines our "open judicial system" overlooks the clear distinction in the controlling case law between discovery materials and materials that are filed with the court. The Seventh Circuit has stressed that "there is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public." *Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir. 2009). If and when a party files the document in court, it then becomes "presumptively open to the public." *Id*. at 1073. Plaintiff also incorrectly assumes that "unless and until Plaintiff files motions to unseal this evidence, a hugely burdensome and costly imposition, only sealed documents supporting his claims may be submitted." To the contrary, as Judge Brown explained [71, at 27-28], the procedures for dealing with arguably confidential documents that are used in court filings are well established. As Judge Brown emphasized, a party seeking to use such a document may simultaneously file a redacted, public version of its brief and an unredacted version that would be sealed at least temporarily, subject to further testing as to the legitimacy of maintaining the document under seal in view of the presumption of public disclosure once the document is used in a court filing. In short, nothing in Judge Brown's order compromises Plaintiff's ability to fully "argue his case." **[FN 2]**

> **[FN 2]** Judge Brown's ruling that an evidentiary hearing is, at best, premature, also is not clearly erroneous or contrary to law. It was eminently reasonable to focus on the global issue of a baseline protective order before engaging the court's resources to hold an evidentiary hearing – a hearing that Judge Brown did not foreclose convening if necessary at a later date.

Finally, there was no error in Judge Brown's refusal to include in the protective order a provision allowing confidential information produced in this litigation "in collateral litigation on similar issues subject to the terms of this protective order or any protective order entered in the collateral litigation." As Judge Brown noted, the proposed additional language is so vague that it likely would complicate rather than simplify this and any related litigation. In addition, Judge Brown's assessment of the scope of her (and this Court's) obligations to supervise discovery as to "matters relevant to the claims and defenses in this litigation" – and no other litigation – was neither clearly erroneous nor contrary to law. As Judge Brown observed, to the

**STATEMENT**

extent that the parties agree that the claims and defenses in another case overlap with this case, they may (indeed, should) "reach agreement to avoid undue expense." But in declining to order that coordination to take place – and to insert herself as the arbiter of whether it is in fact taking place – Judge Brown did not err.