# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2727 | **DATE** | 6/12/2012 |
| **CASE TITLE** | Frerck vs. John Wiley & Sons, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's Motion to Deem Exhibit 3 to Court Document 44 "Not Confidential" and to Unseal [75] is denied. The Clerk of Court is directed to strike docket entry 53 from the docket (which is the sealed version of Exhibit 3 to docket entry 44).

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

In this action, plaintiff Robert Frerck alleges that he licensed certain copyright-protected photographs to defendant John Wiley & Sons, Inc. ("Wiley") for limited use, and that Wiley committed fraud and copyright infringement by using the photographs beyond their permitted use. (Compl.) [Dkt 1.] During discovery, Wiley moved for a protective order to cover "non-public, confidential, proprietary commercial and sensitive financial information" that it intended to produce to Frerck. (Def.'s Prot. Order Mot.) [Dkt 32.] Frerck opposed the motion. He particularly opposed treating Wiley's print run quantities and other distribution information as confidential, disputing whether Wiley had previously protected such information and arguing that it was all public anyway since Wiley's sales were conducted in public. (Pl.'s Opp'n. Def.'s Prot. Order Mot. at 3-4.) [Dkt 44.] Frerck attached to his opposition the declaration of photographer Robert Folz, who attested to and attached a listing of Wiley print run and distribution information he said he had obtained from two Wiley employees. (*Id.*, Ex. 3.) Wiley moved to strike or seal the declaration and its attachment ("Exhibit 3"), arguing among other things that it contained confidential commercially sensitive information that had been obtained by

**STATEMENT**

Frerck's counsel only for settlement negotiation in another unrelated action. (Def.'s Mot. Strike or Seal.) [Dkt 49.] The court granted Wiley's motion to seal noting: "This is not a final determination of the confidentiality of that document, but is intended to protect it pending the determination of defendant's motion for a protective order." (Order, Sept. 29, 2011.) [Dkt 52.] The court further directed the Clerk of Court to remove Exhibit 3 and refile it under seal. (*Id.*; *see* dkt 53.)

In an oral ruling a few weeks later, the court granted Wiley's protective order motion, finding that the fact that Wiley conducts its sales in public did not make all information about its distribution public. (Tr. Oct. 19, 2011.) [Dkt 71.] Because the protections afforded to commercial information under Federal Rule of Civil Procedure 26 could apply to distribution information that has been maintained as confidential, Frerck's proposal to categorically exclude such information from the scope of the order was rejected. (*Id*. at 7.) Frerck's motion for an evidentiary hearing on the confidentiality of Wiley's print run information (like that described in the Folz declaration) was denied as premature. (*Id*.) As was noted then, the issue before the court was the establishment of a protective order to facilitate the exchange of discovery, not the adjudication of a particular dispute concerning the treatment of a specific document. (*Id*. at 8-9.) It was emphasized that "the precise language of a protective order is a fairly narrow issue in most litigation. In any litigation it is only a threshold issue." (*Id*. at 3.)[1]

While Frerck's objections to the protective order rulings were pending before the District Judge, Frerck brought the present motion to unseal Exhibit 3. Frerck argues that because Exhibit 3 has been made public in other another lawsuit brought by a different plaintiff against Wiley, it can no longer be considered confidential under the terms of the protective order here. (Pl.'s Mot. at 1-2.) [Dkt 75.] Wiley opposes the motion and argues that Exhibit 3 should be stricken from the docket or remain sealed from public view. (Def.'s Opp'n.) [Dkt 79.]

1. <u>The fact that Frerck put the document on the record here does not deprive it of confidential status.</u>

With some exceptions, documents that influence or underpin a judicial decision should generally be

available to the public. *Baxter Intl., Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The same is not true, however, of materials that are merely produced in discovery and not used for purposes of a judicial decision. *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009).

Exhibit 3 should not have been filed in connection with the motion for a protective order. It had no relevance to that threshold issue. The court did not consider the content of Mr. Folz's declaration or its attachment. The issue the court resolved was whether a protective order should be entered in this action, and if so, in what form. The decision about terms of the protective order was not made with reference to Wiley's print run quantities or whether that information had been shared with Mr. Folz or anyone else. The Folz declaration was irrelevant to the establishment of a properly tailored protective order and thus was not necessary for the court's decision. Accordingly, Exhibit 3 is not among "the small subset of all discovery" that is open to the public because it "influence[d] or underpin[ned] the judicial decision . . . ." *See Baxter Intl.*, 297 F.3d at 545.

2. <u>The fact that Frerck's counsel put the document on the record in other cases does not deprive it of confidential status.</u>

Frerck's sole argument on the present motion is that the document does not fit the definition of "confidential" under the terms of the protective order because it has been made public in other cases. Frerck cites a ruling in *DRK Photo v. John Wiley & Sons Inc.*, CV 11-8133-PCT-FJM (D. Ariz., Oct. 18, 2011) [dkt 75-1], in which the court denied Wiley's request to seal the same document at issue here, which the plaintiff had attached to the complaint filed in that case (also marked Exhibit 3). Wiley, on the other hand, cites at least one other court that found the print run document to be confidential. Wiley also argues that Frerck's counsel is deliberately including unnecessary material on the court record for the purpose of depriving the material of confidential status.

The protective order in this case defines "confidential information" as any document not made available to the public that contains "Financial Information." (Protec. Order ¶ 1.) [Dkt 67.] "'Financial Information'

**STATEMENT**

means non-public information . . . John Wiley & Sons ('Wiley') or Robert Frerck ('Frerck') have taken reasonable steps to keep secret . . . ." (*Id*.) Under the protective order here, whether information deserves protection as confidential is determined with reference to the actions of the party producing the information – whether that party took "reasonable steps to keep [it] secret" – not the actions of the party receiving it. A party receiving confidential information will not strip that information of protection by its own action of making it public. Thus, the fact that a party other than Wiley may have put the document on the public docket in another case does not necessarily preclude Wiley from designating it "confidential" nor preclude the document's protected status in this case.

It appears that Exhibit 3 has been the subject of various decisions by courts around the country where Frerck's counsel has sued Wiley on behalf of other clients. On that scorecard, it appears that Wiley has at least one point and the plaintiffs represented by Frerck's counsel have at least two. Notably, all of these cases appear to involve *plaintiffs* putting the document on the public record. As discussed above, in the *DRK Photo* case, the document was an exhibit to the complaint. The second case cited by Frerck, *Cole v. John Wiley & Sons*, *Inc*., 11 C 2090 (S.D.N.Y. Oct. 27, 2011) [dkt 88-1], is similar in that the plaintiff filed a complaint attaching the exhibit. (Pl.'s Notice Suppl. Authority at 1.) [Dkt 88.] The rationale for not sealing it in *Cole* was a bootstrap: because the plaintiff in *Cole* got the document from the public record in another case (presumably, the *DRK Photo* case), the court in *Cole* concluded that the document was not confidential. *See id.*

The fact that other plaintiffs put the document on the public record in other cases does not demonstrate that *Wiley* failed to take reasonable steps to preserve its confidentiality and thus forfeited the right to limit Frerck's use of it under the protective order here. It is difficult to see why maintaining the confidential designation of Exhibit 3 is such a concern for Frerck. He may use the document just as any other document exchanged in discovery consistent with the terms of the protective order in this case. If there is an occasion in which the document is filed here because it is, in fact, relevant to a judicial decision and Wiley's position remains that the document is confidential, Wiley will have to demonstrate that it deserves to be protected from public

**STATEMENT**

view under the standard of the Seventh Circuit's decisions in *Baxter, Bond,* and similar cases.

Under the record in this case and the case law in this circuit, Exhibit 3 should not have been filed. Therefore, Plaintiff's Motion to Deem Exhibit 3 to Court Document 44 "Not Confidential" and to Unseal is denied, as is his request for fees in conjunction with the motion. The Clerk of Court is directed to strike docket entry 53 from the docket (which is the sealed version of Exhibit 3 to docket entry 44).

1. Frerck's objections to that ruling were overruled by the District Judge. (Order, Jan. 6, 2012.) [Dkt 92.]