# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2727 | **DATE** | 1/23/2013 |
| **CASE TITLE** | Frerck vs. John Wiley & Sons, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court grants Plaintiff's motion for leave to file first amended complaint [116].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. Background

Plaintiff Robert Frerck is a professional photographer, and Defendant John Wiley & Sons, Inc. ("Wiley") is a textbook publisher. Between approximately 1992 and 2010, Frerck sold Wiley limited licenses to use a number of Frerck's photographs in educational publications. Frerck alleges that he expressly defined the number of permissible copies, distribution area, language, form of media, and duration for each publication and that Wiley's use of his photographs regularly exceeded the use permitted by the terms of the licenses, or in some cases, that Wiley used photographs without first seeking permission. Frerck further contends that he had no way of knowing the extent of Wiley's actual use of his photographs during that time and thus he continued to grant Wiley additional licenses as requested. Finally, Frerck alleges that at the time that Wiley made the requests, it knew that its actual use would greatly exceed the limited permissions it requested and that Wiley deliberately misrepresented those uses to gain access to Frerck's work and to deprive Frerck of licensing fees. In his initial complaint, Frerck asserts two claims against Wiley for (i) copyright infringement in violation of 17 U.S.C. § 501, *et seq.* and (ii) fraud. He also asserts a claim for copyright infringement against "John Doe Printers 1-10."

### II. Analysis

In general, motions for leave to amend a complaint are freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). The Seventh Circuit teaches that leave to amend should be given "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted). Futility, in the context

**STATEMENT**

of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits. See *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992) ("[A]n amendment may be futile when it fails to state a valid theory of liability or could not withstand a motion to dismiss.").

Plaintiff filed his complaint on April 25, 2011. During a status hearing on October 19, 2012, Plaintiff advised the Court that he intended to move for leave to file an amended complaint, based (at least in part) on discovery produced by Wiley on October 3, 2012. On that date, the Court also entered a fact discovery deadline of January 18, 2013, but indicated that the deadline could be extended "if the amended complaint substantially expands the scope of the claims."

In his motion to amend, Frerck proposes (i) withdrawing claims related to 33 licensed uses where documents produced by Wiley indicate non-infringement, (ii) removing the "John Doe" Defendants, (iii) amending his fraud claim, (iv) adding 109 claims that allegedly became known to him through discovery or after he filed his initial complaint, and (v) adding contributory and vicarious copyright infringement claims related to photographs-in-suit. Wiley does not oppose the dismissal of the 33 claims or the John Doe Defendants; however, Wiley opposes allowing Plaintiff to add any additional claims or amend his fraud claim.

*1.     Delay and prejudice*

Wiley's "delay" and "undue prejudice" arguments are not persuasive. Plaintiff sought to amend prior to the close of discovery and shortly after receiving discovery that both helped narrow his claims and shape some of the new claims. Furthermore, these new claims are manifestations of (or very similar to) his initial claims. Although additional discovery may be necessary on certain claims, the additional burden of discovery should not be significant given that most of the required documents have been produced and Wiley's resources not insubstantial. In sum, the Court does not believe that Defendant will be unduly prejudiced by the amendment.

*2.     Futility*

Wiley claims that fourteen of the proposed claims would be futile to bring in the instant lawsuit because Frerck is bound by forum-selection clauses requiring New York City as a venue or by arbitration clauses that are contained in agreements entered into by Wiley and Frerck's agents. In support of its position, Wiley submitted one agreement, which was effective from May 1, 2003 to May 1, 2006, and also asks the Court to consider the declaration of one of its attorneys. Wiley also claims that nine other claims are futile because the photographs encompassed by the claims were printed by entities other than Wiley. Wiley submitted documents to support this contention as well.

Wiley has not demonstrated that Frerck's additional allegations fail to state a claim. Wiley's arguments regarding forum-selections clauses, arbitration, and corporate structure rest on documents outside the pleadings and ask the Court, in certain instances, to assume what Wiley believes discovery will demonstrate and thus to make findings on what is, at best, an incomplete record. If Defendant believes that certain of Plaintiff's claims are subject to arbitration or brought in the wrong forum or against the wrong Defendant, Defendant can move to dismiss those claims when it has a complete record to support its position. Indeed, prudence would suggest that the parties take a close look at the arbitration provisions and try to determine whether they can reach common ground on (1) whether any claims are subject to arbitration and (2) whether it makes sense for either or both parties to stand on their rights to arbitrate instead of waiving them so that the case may proceed across the board in this Court. At this stage, however, Wiley has not demonstrated that

**STATEMENT**

Plaintiff's additional claims are futile.

**III.     Conclusion**

Given the liberal standards that govern a motion for leave to amend a complaint, and perceiving none of the factors leading to dismissal under those standards to be present, Plaintiff's motion for leave to file first amended complaint [116] is granted.