**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

ROBERT FRERCK,

        Plaintiff,

    v.

JOHN WILEY & SONS, INC.,

        Defendant.

CASE NO.  11-cv-02727

Hon. Robert M. Dow, Jr.

Magistrate Judge Geraldine Soat Brown

<u>**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT JOHN WILEY & SONS, INC.'S CROSS
MOTION FOR PARTIAL SUMMARY JUDGMENT**</u>

Christopher P. Beall
Levine Sullivan Koch & Schulz, LLP
321 West 44th Street, Suite 1000
New York, NY  10036
cbeall@lskslaw.com

William McGrath
Kevin A. Thompson
Davis McGrath LLC
125 South Wacker Drive
Chicago, Illinois 60606
wmcgrath@davismcgrath.com
kthompson@davismcgrath.com

Ashima Aggarwal
Joseph Barker
John Wiley & Sons, Inc.
111 River Street
Hoboken, New Jersey 07030
(T): (201) 748-6000
(F):  (201) 748-6088
aaggarwal@wiley.com
jobarker@wiley.com

*Attorneys for Defendant John Wiley & Sons, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ............................................................................................................... 1

SUMMARY OF FACTUAL BACKGROUND ......................................................................... 2

ARGUMENT ..................................................................................................................... 5

I.     Legal Standard ........................................................................................................ 5

II.    Wiley Is Entitled To Summary Judgment
Because Frerck Cannot Prove His Fraud Claims ...................................................... 6

      A.     Frerck Cannot Show Independent
Injury Resulting From The Alleged Fraud .................................................... 6

      B.     Frerck Cannot Show Intentional Misrepresentations By Wiley ..................... 9

III.    Wiley Is Entitled To Summary Judgment On
Frerck's Contributory and Vicarious Infringement Claims
Because Frerck Has No Evidence Of Direct Infringement By Third Parties ................ 11

IV.    Wiley Is Entitled To Summary Judgment On
Twelve Direct Infringement Claims Because
The Evidence Shows That Wiley Committed No Infringement ....................................... 12

CONCLUSION .................................................................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Systems Inc. v. Canus Productions, Inc.*,
    173 F. Supp. 2d 1044 (C.D. Cal. 2001) ................................................................. 11

*In re Aimster Copyright Litig.*,
    252 F. Supp. 2d 634 (N.D. Ill. 2002) .................................................................... 12

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    692 F.3d 1301 (Fed. Cir. 2012) .......................................................................... 11

*Am. Massage Therapy Ass'n v. Maxwell Petersen Assocs., Inc.*,
    209 F. Supp. 2d 941 (N.D. Ill. 2002) ..................................................................... 5

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................ 5

*Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*,
    493 F.3d 841 (7th Cir. 2007) ......................................................................... 6, 10

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) ................................................................................ 6

*Bergt v. McDougal Littell*,
    661 F. Supp. 2d 916 (N.D. Ill. 2009) ................................................................... 10

*Bower v. Jones*,
    978 F.2d 1004 (7th Cir.1992) ........................................................................... 10

*Bucklew v. Hawkins, Ash, Baptie & Co., LLP*,
    329 F.3d 923 (7th Cir. 2003) ..................................................................... 6, 7, 8, 9

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ........................................................................................ 5

*Century Consultants, Ltd. v. Miller Grp., Inc.*,
    03-3105, 2008 WL 345541 (C.D. Ill. Feb. 7, 2008) ................................................. 11

*Cole v. John Wiley & Sons, Inc.*,
    No. 11 Civ. 2090(DF), 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) .......................... 7-8, 14

*Connick v. Suzuki Motor Co., Ltd.*,
    675 N.E.2d 584 (Ill. 1996) ................................................................................ 6

*Crane Design, Inc. v. Pac. Coast Constr., LLC*,
  C05-251RSM, 2006 WL 692019 (W.D. Wash. Mar. 17, 2006) ............................................. 9

*Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*,
  09-CV-0710-MJR, 2011 WL 1102812 (S.D. Ill. Mar. 23, 2011) ........................................... 8

*Deepsouth Packing Co. v. Laitram Corp.*,
  406 U.S. 518 (1972) ........................................................................................................... 11

*Designs Art v. Nat'l Football League Props., Inc.*,
  00CV593 JM, 2000 WL 1919787 (S.D. Cal. Nov. 27, 2000) ................................................. 9

*Flava Works, Inc. v. Clavio*,
  11 C 05100, 2012 WL 2459146 (N.D. Ill. June 27, 2012) .................................................... 11

*Lowry's Reports, Inc. v. Legg Mason, Inc.*,
  186 F. Supp. 2d 592 (D. Md. 2002) ...................................................................................... 9

*Marvullo v. Gruner & Jahr*,
  105 F. Supp. 2d 225 (S.D.N.Y. 2000) .................................................................................. 11

*Microsoft Corp. v. Ram Distribution, LLC*,
  625 F. Supp. 2d 674 (E.D. Wis. 2008) ................................................................................. 12

*Monotype Imaging, Inc. v. Bitstream, Inc.*,
  376 F. Supp. 2d 877 (N.D. Ill. 2005) ................................................................................... 12

*NLFC, Inc. v. Devcom Mid-Am., Inc.*,
  45 F.3d 231 (7th Cir. 1995) ............................................................................................ 5, 12

*Pugh v. City of Attica, Ind.*,
  259 F.3d 619 (7th Cir. 2001) ............................................................................................... 5

*R&R Recreation Products, Inc. v. Joan Cook Inc.*,
  91 CIV. 2589 (JSM), 1992 WL 8817 (S.D.N.Y. Apr. 14, 1992) ........................................... 11

*RMB Fasteners, Ltd. v. Heads & Threads Int'l, LLC*,
  11 CV 02071, 2012 WL 401490 (N.D. Ill. Feb. 7, 2012) ....................................................... 9

*Robinson v. Morgan Stanley*,
  06 C 5158, 2008 WL 4874459 (N.D. Ill. June 18, 2008) ...................................................... 9

*Schneider v. Pearson Educ., Inc.*,
  12 Civ. 6392(JPO), 2013 WL 1386968 (S.D.N.Y. Apr. 5, 2013) ........................................... 8

*Semerdjian v. McDougal Littell*,
  No. 07 Civ. 7496(LMM), 2008 WL 110942 (S.D.N.Y. Jan. 2, 2008) .................................... 7

*Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*,
  475 F.3d 824 (7th Cir. 2007) ................................................................................................ 6

*Turina v. Crawley*,
  No. 10 C 4292, 2012 WL 568050 (N.D. Ill. Feb. 16, 2012) .............................................. 5, 12

*Wachovia Sec., LLC v. Neuhauser*,
  528 F. Supp. 2d 834 (N.D. Ill. 2007) ..................................................................................... 6

*Warren v. John Wiley & Sons, Inc.*,
  --- F. Supp. 2d. ---, Nos. 12 Civ. 5070, 5071, 5230(JPO), 2013 WL 3328224 (S.D.N.Y. July
  2, 2013) ................................................................................................................................... 8

## Statutes & Other Authorities

Fed. R. Civ. P. 56(a) ................................................................................................................... 5

Melville B. Nimmer and David Nimmer,
  1 Nimmer on Copyright § 1.01[B][1][a][ii] (2011) ............................................................ 8, 9

iv

Defendant John Wiley & Sons, Inc. ("Wiley") respectfully submits this Memorandum of Law in support of its Motion for Partial Summary Judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure:

## INTRODUCTION

This case should have been a one-count action for copyright infringement, a determination of whether Wiley used certain photographs owned by plaintiff Robert Frerck beyond the scope of the parties' agreements. Instead, driven by the prospect of greater recovery and punitive damages, Frerck tacked on claims for contributory and vicarious copyright infringement as well as common law fraud. These claims were without merit from the inception. Although they survived under the Rules' liberal pleading and discovery standards, now, at the summary judgment stage, these claims must finally be put to their proof. And that proof is lacking.

Frerck has failed to adduce enough evidence to establish two of the elements essential to his claims of fraud. First, although he asserts 87 claims of common law fraud against Wiley, Frerck cannot show the ***intentional, affirmative misrepresentations*** required to sustain any one of these claims. Second, Frerck cannot show ***any harm resulting from such misrepresentations*** that is independent and distinct from his copyright infringement claims. Absent such evidence, no genuine issue of material fact remains on Frerck's fraud claims.

The record is similarly devoid of evidence to establish Frerck's claims for contributory and vicarious infringement. To survive summary judgment on his claims for secondary copyright infringement, Frerck must establish ***both*** the existence of direct infringement by a third party ***as well as*** conduct by Wiley that meets the elements of authorization, control, and benefit. Throughout two and half years of litigation, Frerck has not sought or produced any evidence

1

from any third party as to any direct infringement by the third party. Absent such evidence, no genuine issue of material fact remains on Freck's secondary infringement claims.

Finally, the record is completely devoid of any evidence supporting at least twelve of Frerck's direct copyright infringement claims. Although the vast majority of Frerck's 278 claims[1] of direct infringement claims in the First Amended Complaint must be resolved by the fact-finder because of genuine issues of material fact,[2] these twelve claims can be disposed of now: The evidence demonstrates that Wiley acted within the authorized use on seven of these claims and Wiley did not publish the pleaded books with respect to five other claims.

Accordingly and for the reasons set forth herein, Wiley is entitled to partial summary judgment on these claims.

## SUMMARY OF FACTUAL BACKGROUND

Wiley is a publisher of textbooks and other educational materials. To add visual interest to their written content, Wiley's publications often include inexpensive photographs known as "stock photos." Wiley's Separate Statement of Undisputed Material Facts ("WSUMF") ¶ 4. This suit involves Wiley's use of certain photos owned by Frerck, a professional photographer and owner of Odyssey Productions ("Odyssey"), a stock photography agency. *Id.* ¶¶ 2 & 7.

---

[1] For ease of reference, Wiley here refers to the 278 numbered rows of the plaintiff's claim chart in Exhibit A to the First Amended Complaint as the infringement "claims" that Frerck has asserted. Each row pertains to a particular photo in a particular title, albeit with errors in some of the rows as to the name of the title at issue.

[2] In response to Frerck's own motion for partial summary judgment as to 53 of the 278 infringement claims in this case, *see* Memo. of Law in Support of Def. John Wiley & Sons, Inc.'s Opp'n to Pl. Robert Frerck's M. for Partial Summ. J. (filed concurrently with this motion), Wiley has identified 29 of those 53 claims for which there are genuine issues of material fact. As a result, setting aside the twelve claims of direct infringement discussed in this motion for which Wiley is already entitled to judgment as a matter of law, a total of 245 claims (*i.e.*, rows) of the plaintiff's claim chart in the First Amended Complaint will need to be tried by a jury.

From at least 1996 through 2011, Wiley obtained copies of Frerck's photos, and permission to use them, through Frerck's authorized photo agencies, that is, for purposes of this case, Odyssey and Getty Images ("Getty"). *Id.* ¶ 5. Wiley's negotiations with Odyssey and Getty typically began when the title was in the pre-publication phase: Wiley's photo department contacted Frerck's agents seeking permission to use certain photos, and invariably they agreed to the requested uses. *Id.* In order to process payment, Wiley sent invoice request letters to Frerck's photo agencies, and those agencies then issued invoices to Wiley.[3] *Id.* Such letters would typically identify the image requested, the publication for which it would be used as well as estimated usage. *Id.* Because the textbook had not yet been published, the usage would necessarily be an estimate – the photo researcher would have no way of knowing what the actual usage would be. *Id.* Accordingly, these "estimates" were sent to the photographer primarily to establish an initial usage fee. *Id.*

On April 25, 2011, Frerck filed this action, alleging claims for copyright infringement (Count I) and fraud (Count II) against Wiley. Compl., Doc. No. 1. Almost two years later, on January 3, 2013, Frerck filed an amended complaint ("FAC"; Doc. No. 128) dropping certain infringement claims and adding others, as well as adding two new counts for contributory infringement (Count III) and vicarious infringement (Count IV).

Frerck's claims of direct copyright infringement arise out of Wiley's alleged unauthorized use of his images, including printing copies in excess of the authorized limits, distributing copies outside of the authorized territories, and reproducing the images in unauthorized formats. FAC, ¶¶ 11-12, Ex. A. Exhibit A to the FAC purports to identify the

---

[3] Not material to the motion here, but relevant to the case as a whole for purposes of the forthcoming trial, Wiley had a master agreement with Getty that controlled the pricing and terms for the invoices issued by Getty.

type of infringement for each image as well as the applicable invoice and the license limits.  *Id.*,
Ex. A.

Frerck's claims of fraud arise out of the transactions and conduct underlying a subset of
his direct infringement claims.  *Id.* ¶ 8.  Frerck alleges generally that Wiley intentionally
misrepresented its intended use of the image – whether through print run numbers, geographic
distribution or format – in order to obtain a lower usage fee from Odyssey.   Frerck further
alleges that Odyssey relied on what Frerck characterizes as Wiley's implicit representation that
Wiley would not exceed the parameters in Wiley's invoice request letters.  FAC ¶ 8.  The FAC
points to, and attaches as exhibits, Wiley's invoice request letters for thirteen of the publications
in this case as the basis for the particularized allegations required for Frerck's fraud claims.[4]  *Id.*

Frerck's claims of contributory and vicarious infringement apparently arise out of
Wiley's dealings with unidentified third parties who obtained permission from Wiley to publish
translations or adaptations of Wiley's books outside of the United States.  FAC, ¶¶ 20-25.
Although all of Frerck's allegations regarding these claims were made upon information and
belief, Frerck has neither sought nor produced discovery from third parties in this action.
WSUMF ¶ 12.

---

[4] Three of the claims (*i.e.*, rows) in Frerck's claim chart where Frerck contends he is seeking
fraud damages pertain to invoices that were not issued by Odyssey.  *See* FAC, Ex. A, Rows 31, 35 & 36.
Frerck failed to attach to the FAC any communications by Wiley concerning these three claims, and as a
result, Frerck has failed to plead these claims with particularity.  Even if the Court overlooks the absence
of any particularized allegations of fraud with respect to these three claims, which arise from invoice
transactions with a different photo agency, these claims nevertheless are subject to the same substantive
defects discussed below.

## ARGUMENT

### I.     Legal Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The non-moving party can defeat summary judgment by designating specific material facts showing there is a genuine issue for trial.  *Anderson*, 477 U.S. at 247. All facts and reasonable inferences must be construed in favor of the non-moving party.  *Id.* at 255.

However, "while the party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record, if any, which it believes demonstrates the absence of a genuine issue of material fact, there is nothing in Rule 56 that requires a moving party to negate an essential element of an opponent's claim for which it bears the ultimate burden at trial."  *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 235 (7th Cir. 1995).  Where the party with the burden of proof "fails to make a showing sufficient to establish the existence of an element essential to that party's case," summary judgment is mandatory.  *Am. Massage Therapy Ass'n v. Maxwell Petersen Assocs., Inc.*, 209 F. Supp. 2d 941, 946 (N.D. Ill. 2002).  A "mere scintilla of evidence is not sufficient to oppose a motion for summary judgment; nor is a metaphysical doubt as to the material facts.  Rather, the evidence must be such 'that a reasonable jury could return a verdict for the nonmoving party.'"  *Turina v. Crawley*, No. 10 C 4292, 2012 WL 568050, at *2 (N.D. Ill. Feb. 16, 2012) (quoting *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001)) (internal citation omitted).

## II.     Wiley Is Entitled To Summary Judgment Because Frerck Cannot Prove His Fraud Claims

Frerck alleges claims for common law fraud based on the exact same transactions underlying his copyright infringement claims. Frerck's copyright infringement claims are based on his allegations that Wiley exceeded the terms in invoices issued by his agents. Frerck's fraud claims are based on his allegations that the request letters sent by Wiley for the purpose of obtaining the invoices for Wiley's anticipated use of Frerck's images contained fraudulent misrepresentations as to Wiley's intended print run, geographic distribution and format usage. Frerck cannot prove two necessary elements of a fraud claim: that he suffered damages independent and distinct from the alleged copyright infringement and that Wiley made intentional, affirmative misrepresentations of material fact.[5]

### A.  Frerck Cannot Show Independent Injury Resulting From The Alleged Fraud

The Seventh Circuit has considered and rejected fraud claims for which a plaintiff asserts no injury independent of copyright damages other than punitive damages that would otherwise be unavailable under the Copyright Act. In *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, the plaintiff brought claims for copyright infringement and fraud. 329 F.3d 923 (7th Cir. 2003). The plaintiff alleged that defendant made a fraudulent representation to the plaintiff in order to gain

---

[5] To prevail on his fraud claims, Frerck must prove "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996) (citations omitted); *see also Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 841 (7th Cir. 2007). Critically, "in the context of common law fraud, the law presumes that transactions are fair and honest; fraud is not presumed." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005) (emphasis added). Frerck "must prove all elements of actual fraud by clear and convincing evidence." *Wachovia Sec., LLC v. Neuhauser*, 528 F. Supp. 2d 834, 858 (N.D. Ill. 2007) (emphasis added) (citation omitted); *see also Ass'n Benefit Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 853 (7th Cir. 2007) (affirming summary judgment and noting that generalized and circumstantial evidence is "insufficient to prevent summary judgment on an element of a claim, such as fraud…").

access to a disk containing the plaintiff's computer program. *Id.* at 933. The defendant then copied and sold the program. *Id.* In addition to compensatory damages, the plaintiff pursued punitive damages for its fraud claim. *Id.* at 934.

The Hon. Richard Posner, for the Seventh Circuit, affirmed the dismissal of the fraud and other state law claims. Judge Posner specifically noted that the conduct underlying the plaintiff's claims for damages – *i.e.*, selling the infringing program – would result in an award of compensatory damages for fraud (and conversion) that was "identical to the damages that [plaintiff] seeks for copyright infringement, so that [plaintiff's] request for punitive damages is in fact a request for punitive damages for copyright infringement." *Id.* at 934 (emphasis added). As such, the Court concluded that dismissal of the fraud claim was appropriate. *Id.*

Other courts have reached similar conclusions when addressing "fraud" claims in the context of licensed photographs. In these cases, photographers alleged that publishers committed fraud when they requested invoices for the use of a plaintiff's photos. As in *Bucklew*, courts have dismissed these fraud claims as duplicative of the copyright infringement claims. In *Semerdjian v. McDougal Littell*, the plaintiff asserted a fraud claim based on the publisher's alleged misrepresentation that it would reproduce the plaintiff's work 40,000 times, when it, in fact, printed 1.2 million copies. No. 07 Civ. 7496(LMM), 2008 WL 110942, at *1 (S.D.N.Y. Jan. 2, 2008). The court held that the plaintiff had not alleged any harm independently arising from the misrepresentation: "Absent any infringement, [the publisher] would have reproduced only 40,000 copies of Plaintiff's copyrighted works, all in accordance with the contract terms. There would be no fraud related damages in such an instance, nor were any fraud related damages sustained prior to the alleged infringement." *Id.* at *3; *see also Cole v. John Wiley & Sons, Inc.*, No. 11 Civ. 2090(DF), 2012 WL 3133520, at *17 (S.D.N.Y. Aug. 1, 2012)

(dismissing duplicative fraud claims because, among other things "there would have been no unauthorized uses of Plaintiff's works (and, hence, no injury to Plaintiff), had [Defendant] timely obtained the appropriate licenses and acted in accordance with the terms of each license. Therefore, but for [Defendant's] infringing conduct, Plaintiff would have suffered no harm from the alleged misrepresentations or concealment."); *Schneider v. Pearson Educ., Inc.*, 12 Civ. 6392(JPO), 2013 WL 1386968, at *5 n.6 (S.D.N.Y. Apr. 5, 2013) (same); *Warren v. John Wiley & Sons, Inc.*, --- F. Supp. 2d. ---, Nos. 12 Civ. 5070, 5071, 5230(JPO), 2013 WL 3328224, at *10 (S.D.N.Y. July 2, 2013) (same).[6]  To have found otherwise would lead to the bizarre conclusion – given the prospect of punitive damages – that Wiley would be better off using photographs without seeking and paying for any permission in the first instance.

Here, Frerck's fraud claims fail for the same reason as in *Bucklew*.  Frerck alleges that Wiley "defrauded" him via Wiley's invoice requests by failing to accurately estimate how many books it would ultimately print, where it would ultimately distribute those books and in which formats it would ultimately create those books.  *See* FAC ¶ 8.  Frerck, however, has failed to identify any harm to him apart from the very same harm that he contends resulted from Wiley's alleged copyright infringement.  The compensatory damages for such "fraud" claims are entirely duplicative of Frerck's copyright infringement recovery.  *See Bucklew*, 329 F.3d at 934; *see also* Melville B. Nimmer and David Nimmer, 1 Nimmer on Copyright § 1.01[B][1][a][ii] at n.112.6 (2011) (noting that a fraud claim based on the same conduct as an infringement claim "does not logically increase the measure of infringement damages.").  As in *Bucklew*, the only difference

---

[6] The elements of fraud under New York and Illinois law are "substantively the same." *Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, 09-CV-0710-MJR, 2011 WL 1102812, at *3 n.1 (S.D. Ill. Mar. 23, 2011) (collecting cases).  Furthermore, Frerck's claims under Invoice Nos. 155803 and 155804 (FAC, Ex. A, Lines 31, 35 and 36) are, in fact, governed by New York law, therefore *Semerdjian* and the cases adopting its holding apply *a fortiori* to these claims.  WSUMF ¶ 2.

between the damages sought for fraud and copyright here is Frerck's impermissible request for punitive damages.[7]

## B. Frerck Cannot Show Intentional Misrepresentations By Wiley

Equally fatal to Frerck's fraud claims is his failure to demonstrate any actionable misrepresentation by Wiley. To establish the first element of a fraud claim, a plaintiff must demonstrate, by clear and convincing evidence, an intentional affirmative misrepresentation of a material fact; however, "[a] 'statement which . . . relates to future or contingent events, expectations or probabilities, rather than to pre-existent or present facts, ordinarily does not constitute an actionable misrepresentation' under Illinois law." *RMB Fasteners, Ltd. v. Heads & Threads Int'l, LLC*, 11 CV 02071, 2012 WL 401490, at *10 (N.D. Ill. Feb. 7, 2012) (citations omitted); *see also Robinson v. Morgan Stanley*, 06 C 5158, 2008 WL 4874459, at *7 (N.D. Ill. June 18, 2008) ("A promise to perform an act [or to not do so], though accompanied at the *time* with an intention not to perform it, is not such a false representation as will constitute fraud." (citation omitted)).

---

[7] While certain claims for fraud are not preempted by the Copyright Act, Judge Posner made clear in *Bucklew* that – in cases like this one – the Copyright Act's preemption clause forbids additional sanctions for a wrongful act that is identical to a violation of the federal copyright statute. 329 F.3d at 933-34; *see also Lowry's Reports, Inc. v. Legg Mason, Inc.*, 186 F. Supp. 2d 592, 595 (D. Md. 2002) (fraud claim preempted by Copyright Act where plaintiff's claim "is no more than a statement that it had been cheated out of money it would have made had it been paid for the activities of copying and distribution of copies" and thus there was no "qualitative difference" between the fraud and copyright claim); *Designs Art v. Nat'l Football League Props., Inc.*, 00CV593 JM, 2000 WL 1919787, at *2 (S.D. Cal. Nov. 27, 2000) ("[T]o the extent that plaintiffs' fraud claim is predicated on the conversion and improper utilization of plaintiffs' works, plaintiffs are in essence contending that defendants interfered with plaintiffs' exclusive right as the copyright holder of the subject works. Such a claim is not qualitatively different from a copyright claim."); *Crane Design, Inc. v. Pac. Coast Constr., LLC*, C05-251RSM, 2006 WL 692019, at *3 (W.D. Wash. Mar. 17, 2006) (same); 1 Nimmer on Copyright § 1.01[B][1][a][ii] & n.112.6 (criticizing district court cases that upheld fraud claims based on license violations arguing that plaintiff could bring copyright or contract claims but that the alleged wrong in fraud claims seems to be "one and the same as the copyright count"). Thus, aside from being barred by the duplicative nature of the relief he seeks, Frerck's fraud claims are also preempted. *See Bucklew*, 329 F.3d at 933-34.

Frerck cannot establish any claim for fraud without evidence that the alleged misrepresentation was intentional at the time it was made. Here, his only proof lies in the invoice request letters in which Wiley's photo editors provided estimates as to the potential print run, geographic distribution and formats that Wiley was then anticipating ***prior to*** publication. There is no evidence that these employees knowingly misrepresented this information. In fact, Wiley employees have testified that they believed the requests were accurate and in good faith. WSUMF ¶ 6.

At best, the evidence in this case shows only that, in retrospect, the estimates made by Wiley employees in these invoice request letters proved to be incorrect. As the Seventh Circuit explained, "Illinois law does not allow the plaintiffs to proceed on a fraud claim when the evidence of intent to defraud consists of nothing more than unfulfilled promises and allegations made in hindsight." *Ass'n Ben. Servs., Inc.*, 493 F.3d at 853 (citing *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir.1992)) (holding that proof that a promise was not kept "alone is insufficient to make out a claim of promissory fraud, since there is no proof that the defendants made the promise never intending to keep it").

As Freck lacks any evidence, let alone "clear and convincing evidence" of a distinct fraud injury or of an actionable misrepresentation by Wiley, Wiley is entitled to summary judgment on Frerck's fraud claims as a matter of law. *See Ass'n Benefit Servs., Inc.*, 493 F.3d at 853.[8]

---

[8] As noted in Footnote 4, Frerck alleges fraud as to Rows 31, 35 and 36 of the FAC's claim chart based on transactions with a different photo agency, The Stock Market, rather than Odyssey. Frerck has no evidence of ***any*** false statements of material fact made to him or that he relied upon to his detriment in connection with those transactions. *See, e.g., Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 926 (N.D. Ill. 2009).

**III.**     **Wiley Is Entitled To Summary Judgment On Frerck's Contributory and Vicarious Infringement Claims Because Frerck Has No Evidence Of Direct Infringement By Third Parties**

Frerck asserts claims for contributory and vicarious infringement in connection with all of the images at issue in this action on the grounds that Wiley contributed to or benefitted from the infringing conduct of unidentified third parties. Frerck has not sought or produced any evidence of direct infringement by third parties, and therefore he cannot sustain his burden of proof on these claims.

To sustain a claim for contributory copyright infringement, the plaintiff must prove "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Flava Works, Inc. v. Clavio*, 11 C 05100, 2012 WL 2459146, at * 2 (N.D. Ill. June 27, 2012) (citation omitted). To sustain a claim for vicarious copyright infringement, the plaintiff must prove that "the defendant: (1) at all material times possessed the right and ability to supervise the infringing activity; and (2) has a direct financial interest in the infringer's activity," and "the plaintiff must also show the existence of the primary infringer." *Century Consultants, Ltd. v. Miller Grp., Inc.*, 03-3105, 2008 WL 345541, at *8  n.22 (C.D. Ill. Feb. 7, 2008). Thus, both contributory and vicarious copyright infringement require a showing of direct infringement by a third party.[9]

---

[9] *See also R&R Recreation Products, Inc. v. Joan Cook Inc.*, 91 CIV. 2589 (JSM), 1992 WL 88171, at *2 (S.D.N.Y. Apr. 14, 1992) ("…without 'the fact or intention of a' direct infringement [by a third party] there is no cause of action for contributory infringement.") (citing *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526 (1972), *superseded by statute on other grounds as noted in Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538 (Fed. Cir. 1987)); *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012) (in the context of patent infringement, "[t]hat principle, that there can be no indirect infringement without direct infringement, is well settled."), *cert. dismissed*, 133 S. Ct. 1520, 185 L. Ed. 2d 569 (2013), and *cert. dismissed*, 133 S. Ct. 1521, 185 L. Ed. 2d 570 (2013) (citations omitted); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 229 (S.D.N.Y. 2000) (dismissing claims for contributory infringement for failure to plead direct infringement; collecting cases). *Cf. Adobe Systems Inc. v. Canus Productions, Inc.*, 173 F. Supp. 2d 1044, 1047 (C.D. Cal. 2001) (granting partial

*Continued on following page . . . :*

"[T]he first step in assessing the existence of contributory infringement is determining the existence of the underlying and direct infringing activity by a third party." *In re Aimster Copyright Litig.*, 252 F. Supp. 2d 634, 648 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (7th Cir. 2003); *see also Microsoft Corp. v. Ram Distribution, LLC*, 625 F. Supp. 2d 674, 684 (E.D. Wis. 2008) (granting summary judgment for plaintiff on contributory and vicarious infringement as to individual defendant contingent upon the fact-finder's determination of direct infringement by corporate defendant); *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 884 (N.D. Ill. 2005) (awarding judgment to defendant where plaintiff failed to establish direct infringement at trial).

Through the course of discovery in this action, Frerck has failed to amass any evidence suggesting direct infringement by any third party that would give rise to secondary liability on the part of Wiley. Frerck bears the burden of proving all elements of his claims, therefore Wiley need not introduce evidence to negate his claims at the summary judgment stage. *NLFC, Inc.*, 45 F.3d at 235. Instead, unless Frerck presents evidence now showing a genuine issue of material fact as to the existence of direct infringement by a third party, Wiley is entitled to summary judgment on Frerck's claims of contributory and vicarious infringement.

## IV. Wiley Is Entitled To Summary Judgment On Twelve Direct Infringement Claims Because The Evidence Shows That Wiley Committed No Infringement

Finally, with regard to Frerck's direct infringement count, twelve of Frerck's claims are so plainly contradicted by the evidence that no reasonable jury could find Wiley liable. *See, e.g.*, *Turina*, 2012 WL 568050, at *2.

---

*Continued from preceding page . . . :*

summary judgment to plaintiff on secondary liability where defendant had not contested whether underlying acts constituted direct infringement, noting its skepticism as to the infringing conduct, but reserved judgment on the issue "for another day.").

First, with respect to seven of Frerck's direct infringement claims, Rows 80, 93-96, 261, and 263, the evidence shows *no* use beyond any of the parameters in the parties' invoice transaction for those photos:

a.  With respect to *Regional Landscapes*, Fifth Edition, listed at Row 80 of Frerck's claim chart, Wiley paid to reproduce up to 10,000 copies of Frerck's photo. WSUMF ¶ 14. To date, Wiley has not reproduced more than 10,000 copies of this publication. *Id.*

b.  With respect to *Frommer's Chicago*, 1999, listed at Rows 93-96 of Frerck's claim chart, Wiley's predecessor in interest paid to reproduce up to 50,000 copies. *Id.* ¶ 15. Wiley did not reproduce any copies of this publication and has not distributed more than 50,000 copies. *Id.*

c.  With respect to *La Lengua Que Heredamos*, 6th edition, listed at Rows 261 and 263 of Frerck's claim chart, Wiley paid for usage of the specified photos through an invoice issued by Getty. *Id.* ¶ 16. The invoice expressly granted Wiley "Electronic distribution rights," *id.*, yet Frerck alleges infringement on the grounds that Wiley reproduced it in an unauthorized electronic format. FAC, Ex. Row 261.[10] Frerck also asserts a claim for an "EBook edition" of this title, *id.*, Row 263, but again, the invoice clearly permits distribution in electronic format. To the extent that Frerck is alleging that Wiley exceeded the authorized print run for this image, the invoice

---

[10] A rate card agreement governed the use of images licensed by Wiley through Getty Images at the time the invoice for *La Lengua Que Heredamos*, 6th edition, was issued. WSUMF ¶ 17. The Court need not resolve the question of which terms control, however, because both the invoice and the agreement grant Wiley electronic distribution rights.

permits Wiley to reproduce up to 40,000 copies.  WSUMF ¶ 16.  To date, Wiley has not reproduced more than 40,000 copies of this title.  *Id.*

Second, Frerck asserts five claims of infringement against Wiley based on textbooks it did not publish.  Specifically, he asserts infringement of his images licensed for use in three editions of *The Aztecs: People of America*.  FAC, Ex. A, Rows 133-135 & 277-278.  The defendant here, John Wiley & Sons, Inc., a U.S. company, however, did not publish any of these editions; instead, they were published first by Blackwell Publishers and later distributed by John Wiley & Sons Ltd., both of which were or are independent corporate entities that are not named in this action.  WSUMF ¶ 18.  The invoices that allegedly govern these images were not issued to Wiley, and the invoices clearly indicate that the book was published by Blackwell Publishers.  *Id.*  Frerck cannot establish any infringement on the part of ***Wiley*** with respect to these claims.

For each of the aforementioned claims, the evidence unequivocally shows that Wiley did not commit any infringing acts.  Accordingly, it is entitled to summary judgment on these claims.

## CONCLUSION

For the foregoing reasons, the Court should grant Wiley's motion for partial summary judgment.

14

Dated:  December 23, 2013    By: <u>*/s/ Christopher P. Beall*</u>
             Christopher P. Beall
             Levine Sullivan Koch & Schulz, LLP
             321 West 44th Street, Suite 1000
             New York, NY  10036
             (T): (212) 850-6100
             (F): (212) 850-6299
             cbeall@lskslaw.com

             William McGrath
             Kevin A. Thompson
             Davis McGrath LLC
             125 South Wacker Drive
             Chicago, Illinois 60606
             (T): (312) 332-3033
             (F): (312) 332-6376
             wmcgrath@davismcgrath.com
             kthompson@davismcgrath.com

             Ashima Aggarwal
             Joseph Barker
             John Wiley & Sons, Inc.
             111 River Street
             Hoboken, New Jersey 07030
             (T): (201) 748-6000
             (F):  (201) 748-6088
             aaggarwal@wiley.com
             jobarker@wiley.com

            *Attorneys for Defendant John Wiley & Sons, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Christopher Beall, an attorney and counsel of record for Defendant John Wiley & Sons,

Inc., certify that I electronically filed the foregoing **MEMORANDUM OF LAW IN**

**SUPPORT OF DEFENDANT JOHN WILEY & SONS, INC.'S MOTION FOR PARTIAL**

**SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF electronic filing

system, which will send automated notification of this filing to all parties of record on this date.


Dated: December 23, 2013                         By:      */s/ Christopher P. Beall*

16