**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

ROBERT FRERCK,

          Plaintiff,

    v.

JOHN WILEY & SONS, INC.,

          Defendant.

CASE NO. 12-cv-02727

Hon. Robert M. Dow, Jr.

Magistrate Judge Geraldine Soat Brown

## DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56.1(a)(3) of the Local Rules of the United States District Court for the Northern District of Illinois, Defendant John Wiley & Sons, Inc. ("Wiley") hereby submits, in support of its motion for partial summary judgment on Frerck's claims for fraud and copyright infringement, the following statement of undisputed material facts:

1.    Wiley is a New York corporation and publisher of textbooks and other educational materials. Wiley sells and distributes textbooks in Illinois and throughout the United States. *See* Declaration of Robert Garber, ("Garber Decl."), dated Dec. 20, 2013 ¶ 2.

2.    Frerck is a professional photographer and has offered his stock photos for license by third parties. He is also the owner of Odyssey Production, Inc. ("Odyssey"), a stock photography agency. Frerck is a United States citizen and a resident of Chicago, Illinois. *See* First Amended Complaint ("FAC") (Doc No. 128), ¶ 4; Pl. Robert Frerck's Separate Statement of Facts In Support of the Mot. For Summary Jdgmt. ("Pl.'s SUMF") (Doc. No. 155-2) ¶ 1; Declaration of Christopher P. Beall, dated Dec. 23, 2013 ("Beall Decl.") Ex. 1.

3.    Certain invoices issued by Odyssey for the use of Frerck's photographs by Wiley require that disputes be resolved in courts located in Illinois. Certain invoices issued by

The Stock Market for the use of Frerck's photographs by Wiley require that "[the terms of this invoice shall be enforced and interpreted in accordance with the laws of the State of New York [and the] parties consent to the jurisdiction of the Courts of New York." Beall Decl., Ex. 2 at ¶ 13. The terms and conditions further provide that "[a]ll disputes arising out of or relating to the terms of this invoice agreement shall be settled by arbitration…." *Id.* at ¶ 14.

4.      In order to add visual interest to their written content, Wiley's publications often include inexpensive photographs known as stock photos. Declaration of Mary Ann Price, dated Dec. 20, 2013 ("Price Decl.") ¶ 2.

5.      From at least 1996 through 2011, Wiley sought and obtained copies of, and permission to use, certain of Frerck's stock photos from his authorized photo agencies, including Odyssey, The Stock Market, and Getty Images. FAC, Ex. A. The parties' negotiations concerning such use of Frerck's photos typically began when the title was in the pre-publication phase: Wiley's photo department would contact Frerck or his agents to request permission to use certain images, and invariably Frerck would agree. Price Decl. ¶ 2. In order to process payment, Wiley would send an invoice request letter to Frerck, and Frerck would then issue an invoice to Wiley. *Id.* Such letters would typically identify the image requested, the publication for which it would be used as well as estimated usage. *Id.* Because the textbook had not yet been published, the usage would necessarily be an estimate – the photo researcher would have no way of knowing what the actual usage would be. *Id.* Accordingly, these "estimates" were sent to the photographer primarily to establish an initial license fee. *Id.*; *see also* Beall Decl., Ex. 5.

6.      Wiley employees believed that the estimated information contained in the invoice request letters was accurate. Asked why she requested a specific print run number in an invoice request letter, Hilary Newman, then the photo department manager for the Higher Education

division, testified that she believed the number would be sufficient for the life of the edition. Beall Decl. Ex. 3. Ann Berlin, a former vice president of contact management and currently consultant, testified that "We never intended to pay photographers less than they were due." *Id.*, Ex. 4. Mary Ann Price, the testified that "To my knowledge, all the photo editors were under the impression that the rights that we secured were sufficient until we discovered they were not." *Id.*, Ex. 5.

7.      On April 25, 2011, Frerck filed this action, alleging claims for copyright infringement (Count I) and fraud (Count II) against Wiley. Compl., Doc. No. 1. Frerck also asserted a claim of copyright infringement against ten unidentified third parties, the "John Doe Printers" (Count III). *Id.* Almost two years later, on January 3, 2013, Frerck filed an amended complaint, dropping his claims against the John Doe Printers as well as certain infringement claims against Wiley and asserting additional claims against Wiley, including new counts for contributory infringement (Count III) and vicarious infringement (Count IV). FAC.

8.      Frerck's claims of direct copyright infringement arise out of Wiley's alleged unauthorized use of his images, including printing copies in excess of the authorized limits, distributing copies outside of the authorized territories, and reproducing the images in unauthorized formats. FAC, ¶¶ 11-12, Ex. A. Exhibit A to the FAC purports to identify the type of infringement for each image as well as the applicable invoice and the license limits. *Id.*, Ex. A.

9.      Frerck's claims of fraud arise out of the transactions and conduct underlying a subset of his direct infringement claims. *Id.* ¶ 8. Frerck alleges generally that Wiley intentionally misrepresented its intended use of the image – whether through print run numbers, geographic distribution or format – in order to obtain a lower license fee from Frerck with

respect to each of the fraud claims. *Id.* Frerck alleges that he relied on Wiley's implicit representations that it would not exceed the parameters in Wiley's invoice request letters. *Id.* ¶ 8. Frerck has failed to allege the specific communications that constitute the allegedly fraudulent misrepresentations by Wiley with regard to the transactions identified at Rows 31, 35, and 36 of his claim chart, where those transactions involve invoices issued by The Stock Market, and Frerck has failed to plead or attach any of Wiley's communications with The Stock Market. *Id.* Ex. A.

10.     In support of his claims for common law fraud, Frerck refers to the invoice request letters sent by Wiley as evidence of its misrepresentations concerning its usage of Frerck's images. FAC, ¶ 8. The following table summarizes Frerck's fraud claims and the alleged misrepresentations.

|     | Claims (Ex. A, FAC) | Invoice No. | Source of Misrepresentation |
| --- | --- | --- | --- |
| 1.  | Rows 29-30, 32-34, 37-50 | 3333 | FAC, Ex. B |
| 2.  | Rows 97-106, 108-121 | 5314 | FAC, Ex. C |
| 3.  | Row 153 | 6582 | FAC, Ex. D |
| 4.  | Rows 249-253, 256, 259 | 766170 | FAC, Ex. E |
| 5.  | Row 53 | 3516 | FAC, Ex. F |
| 6.  | Row 82 | 5038 | FAC, Ex. G |
| 7.  | Row 148 | 6392 | FAC, Ex. H |
| 8.  | Row 236 | 7163 | FAC, Ex. I |
| 9.  | Row 246 | 766057 | FAC, Ex. J |
| 10. | Row 264 | 766366 | FAC, Ex. K |
| 11. | Rows 144-146 | 6354 | FAC, Ex. L |

| | Claims (Ex. A, FAC) | Invoice No. | Source of Misrepresentation |
|---|---|---|---|
| 12. | Row 150 | 6419 | FAC, Ex. M |
| 13. | Row 239 | 765336 | FAC, Ex. N |

11.      Exhibit A to the FAC also identifies the photographs at Rows 31, 35 and 36 as bases for fraud claims, but Frerck does not identify any alleged false factual statements by Wiley, nor does he provide any other identifying information as to these claims.  FAC, Ex. A.

12.      Frerck's claims of contributory and vicarious infringement allegedly arise out of Wiley's transactions with unidentified third parties who Wiley has authorized to publish translations or adaptations of Wiley's textbooks for distribution outside of the United States. FAC, ¶¶ 20-25.  Although all of Frerck's allegations regarding these claims were made upon information and belief, Frerck has neither sought nor produced discovery from any third party publishers as to their own potential use of Frerck's photos.  Beall Decl. ¶ 2.

13.      There is no evidence in the record that any third party publisher has actually published any of Frerck's photos at issue in this case in any translation or adaptation of a Wiley textbook.  *Id.*

14.      Frerck asserts a claim of infringement based on Wiley's alleged use of one image in *Regional Landscapes*, Fifth Edition, beyond the authorized amount.  FAC, Ex. A, Row 80.  Pursuant to the invoice, Wiley paid to reproduce up to 10,000 copies.  Beall Decl., Ex. 6.   To date, Wiley has not reproduced more than 10,000 copies of this publication. Declaration of Lisa Suarez, dated Dec. 20, 2013 ("Suarez Decl.), ¶ 2.

15.      Frerck also asserts a claim of infringement based on Wiley's alleged use of four images in *Frommer's Chicago 1999* beyond the amounts listed in invoicing issued to IDG

Books, the publisher at the time of the travel guide. FAC, Ex. A, Rows 93-96; Garber Decl. ¶ 3. This invoice specified a price for IDG Books' use of Frerck's photos based on a print run of up to 50,000 copies worldwide. Beall Decl., Ex. 7. Wiley did not reproduce any copies of this publication and has not distributed more than 50,000 copies. Suarez Decl. ¶ 2.

16. Frerck asserts two claims of infringement based on Wiley's alleged use of one image in *La Lengua Que Heredamos*, 6th edition, beyond the license terms. FAC, Ex. A, Rows 261 & 263. Wiley obtained a copy of this image through Getty Images ("Getty"), one of Frerck's stock photo agencies, and paid for its use of the image based on an invoice issued by Getty. Beall Decl., Ex. 8. Pursuant to that invoice, Wiley paid for "Electronic distribution rights" as well as the right to reproduce up to 40,000 copies. *Id.* To date, Wiley has not reproduced more than 40,000 copies of this title. Suarez Decl. ¶ 2.

17. The invoice for the use of images in *La Lengua Que Heredamos*, 6th edition, is dated April 21, 2008. Beall Decl., Ex. 8. During this time, a rate card agreement governed the use of images by Wiley through Getty Images. *Id.*, Ex. 9. This agreement also grants Wiley electronic distribution rights. *Id.*

18. Frerck asserts claims of infringement with respect to images used in connection with three editions of *The Aztecs: People of America*. FAC, Ex. A, Rows 133-135 & 277-278. Wiley did not publish any of these editions – they were published by Blackwell Publishers or its successor John Wiley & Sons Ltd., an independent corporate entity that is not a defendant in this action. Suarez Decl. ¶ 3. The invoices that allegedly govern the use of Frerck's photos were not issued to Wiley, nor were they paid by Wiley, but rather were handled by the author himself, or the University of Albany, or Blackwell Publishers. Beall Decl., Ex. 10. The invoices indicate that the book was published by Blackwell Publishers. *Id.*

19.     There is no evidence in this case indicating that Wiley has published or distributed any of the edition of *The Aztecs:  People of America*.  Beall Decl. ¶ 12.  There is also no evidence in this case indicating that Wiley, a U.S. company, ever paid any invoice issued by Odyssey in connection with Frerck's photos in *The Aztecs:  People of America*.  *Id.*

Dated:  December 23, 2013.                          By:  ___*/s/ Christopher P. Beall*___

Christopher P. Beall
Levine Sullivan Koch & Schulz, LLP
321 West 44th Street, Suite 1000
New York, NY  10036
(T): (212) 850-6100
(F): (212) 850-6299
cbeall@lskslaw.com

William McGrath
Kevin A. Thompson
Davis McGrath LLC
125 South Wacker Drive
Chicago, Illinois 60606
(T): (312) 332-3033
(F): (312) 332-6376
wmcgrath@davismcgrath.com

Ashima Aggarwal
Joseph Barker
John Wiley & Sons, Inc.
111 River Street
Hoboken, New Jersey 07030
(T): (201) 748-6000
(F):  (201) 748-6088
aaggarwal@wiley.com
jobarker@wiley.com

*Attorneys for Defendant John Wiley & Sons, Inc.*

## CERTIFICATE OF SERVICE

I, Christopher Beall, an attorney and counsel of record for Defendant John Wiley & Sons, Inc., certify that I electronically filed the foregoing **DEFENDANT'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS** with the Clerk of the Court using the CM/ECF electronic filing system, which will send automated notification of this filing to all parties of record on this date.

Dated:  December 23, 2013                    By:      /s/ *Christopher P. Beall*