IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FRERCK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-02727 |
| | ) | Hon. Robert M. Dow, Jr. |
| v. | ) | |
| | ) | |
| | ) | **PLAINTIFF'S RESPONSE TO** |
| | ) | **DEFENDANT'S NOTICE OF** |
| JOHN WILEY & SONS, INC., | ) | **SUPPLEMENTAL AUTHORITY** |
| | ) | **(DOC. 182)** |
| Defendant. | ) | |

Plaintiff Robert Frerck ("Plaintiff") hereby responds to the supplemental authority filed by Defendants John Wiley & Sons, Inc. ("Wiley") (Doc. 182).

Wiley filed as supplemental authority *Petrella v. Metro-Goldwyn-Mayer, Inc.,* No. 12-1315, --- S.Ct. ---, 2014 WL 2011574 (2014), decided by the Supreme Court on May 19, 2014. *Petrella* holds that laches does not bar a copyright infringement claim filed within the three-year limitations period of § 507(b). According to Wiley, the Supreme Court, in this decision on laches, and without so much as a word of analysis, silently adopted the "injury" rule in all copyright cases, abrogating the very case Justice Ginsburg cites in footnote four of the *Petrella* opinion. The footnote says:

> **Although we have not passed on the question**, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey,* 568 F.3d 425, 433 (C.A.3 2009) (internal quotation marks omitted). See also 6 W. Patry, Copyright § 20:19, p. 20–28 (2013) (hereinafter Patry) ("The overwhelming majority of courts use discovery accrual in copyright cases.") (emphasis added).[1]

---

[1] *Id.* at *6 n.4.

The facts in *Graham v. Haughey* are important to understanding the Court's thinking. In that case, the infringements began 1992.[2] Graham discovered them in 2004,[3] and filed his case in 2005. The case was timely filed under the discovery rule,[4] and damages with interest were awarded back to 1992.[5]

Despite Wiley's contrary claim, *Petrella* does not adopt the injury rule, which would require reversing ten[6] (not nine) circuits that have adopted the discovery rule for copyright claims – most recently the Second Circuit on April 4, 2014 in *Psihoyos v. John Wiley and Sons, Inc.*[7] Wiley fails to disclose that in *Petrella*, Ms. Petrella, the plaintiff and copyright owner, knew about MGM's infringements of her copyrights at least as far back as 1998 but waited until 2009 to file suit. Nor does Wiley acknowledge that Ms. Petrella specifically limited her claims to the infringements that occurred three years before filing her case. It was against these facts that *Petrella* announced, as Wiley accurately but misleadingly quotes, general principles regarding Section 507 limitations *when the copyright holder knows of the infringements more than three years before filing a lawsuit*. But when the copyright holder does not know, nor reasonably should have known of the infringements, in the "overwhelming majority of circuits,"[8] the copyright owner can sue and recover damages from the earliest date of the infringements, not

---

[2] *Graham*, 568 F.3d at 438.
[3] *Id.* at 441.
[4] *Id.* at 442.
[5] *Graham v. Haughey*, 646 F.3d 138, 151 (3d Cir. 2011).
[6] *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44-46 (1st Cir. 2008); *Psihoyos v. John Wiley & Sons, Inc.* --- F.3d ----, 2014 WL 1327937 (2d Cir. April 4, 2014); *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 796 (4th Cir. 2001); *Daboub v. Gibbons*, 42 F.3d 285, 291 (5th Cir. 1995); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 390 (C.A.6 2007); *Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004); *Comcast v. Multi-Vision Elecs., Inc.*, 491 F.3d 938, 944 (8th Cir.2007); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 705-07 (9th Cir. 2004); *Diversey v. Schmidly*, 738 F.3d 1196, 1200 (10th Cir. 2013).
[7] --- F.3d ----, Nos. 12–4874–cv(L), 12–5069–cv(XAP), 2014 WL 1327937 (2d Cir. April 4, 2014).
[8] *Petrella*, 2014 WL 2011574 *6 n.4 (*quoting* 6 W. Patry, Copyright § 20:19, p. 20–28 (2013)).

just three years before the lawsuit is filed. The Seventh Circuit in *Gaiman v. McFarlane* held: ". . . the copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights . . .."[9]

*Petrella*, despite Wiley's claim, did not abrogate *Gaiman*, which remains binding authority in this Circuit.

DATED: May 23, 2014.

                                          Plaintiff Robert Frerck, by his attorneys,

                                          s/ *Maurice Harmon*
                                          Maurice Harmon
                                          Harmon & Seidman LLC
                                          11 Chestnut Street
                                          New Hope, PA  18938
                                          (215) 693-1953
                                          maurice@harmonseidman.com

---

[9] *Gaiman*, 360 F.3d at 653 (*citing Taylor v. Meirick*, 712 F.2d 1112, 1117 (7th Cir. 1983)); *see also Taylor*, 712 F.2d at 1118 ("Probably it should be enough to toll the statute of limitations that a reasonable man would not have discovered the infringement").

## CERTIFICATE OF SERVICE

      I hereby certify that on May 23, 2014 I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which notifies counsel of record.

                                                      s/ *Maurice Harmon*
                                                      Maurice Harmon