IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FRERCK, | ) | Case No. 1:11-cv-02727 |
|     Plaintiff, | ) | |
| v. | ) | Honorable Robert M. Dow Jr. |
| | ) | |
| JOHN WILEY & SONS, INC., | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY [DOC. 182]**

Plaintiff Robert Frerck respectfully submits this Notice of Supplemental Authority in support of his Response to Defendant's Notice of Supplemental Authority (Doc. 182).

In *Lefkowitz v. John Wiley & Sons, Inc.*, Case No. 13 Civ. 6414 (KPF), and *Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC et al.,* Case No. 13 Civ. 5023 (KPF), two other substantially similar copyright infringement actions pending before the United States District Court for the Southern District of New York, counsel for the defendant publishers submitted *Petrella v. Metro-Goldwyn-Mayer, Inc.,* 12-1315, 2014 WL 2011574 (U.S. May 19, 2014) as supplemental authority, claiming that the decision reflected an adoption of the injury rule by the Supreme Court, effectively reversing ten circuits that have adopted the discovery rule for copyright claims. On Tuesday, June 3, 2014, Judge Katherine P. Failla rejected the defendants' interpretation of the case, explaining:

Defendant directs the Court to the Supreme Court's recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. —, 2014 WL 2011574 (2014), reading that case to hold that the injury rule, not the discovery rule, applies to federal copyright infringement claims. *Petrella* does not hold as such. Rather, the Supreme Court in *Petrella* held that the equitable doctrine of laches did not bar a plaintiff's claim that was brought within the three-year statute of limitations period governing copyright infringement claims. In so doing, the Court plainly did not decide when a copyright infringement action accrues stating:

> Although we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim."

2014 WL 2011574, at *6 n.4 (quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3d Cir. 2009)). The Court made no further comment on the issue, thereby purposely leaving it undecided. At the same time, however, the *Petrella* Court issued certain statements that could be interpreted to cast doubt on those decisions adopting the discovery rule, such as *Psihoyos*. *Id*. at *6 ("A copyright claim thus arises or accrues when an *infringing act occurs*[.]"; "Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of *its occurrence*." (internal quotation marks omitted) (emphases added)). Be that as it may, a suggestion that the Supreme Court may favor the injury rule, without more, does not trump Second Circuit precedent. For now, *Psihoyos* remains the law of this Circuit.[1]

Copies of the Court's Opinion and Order are attached hereto as Exhibits 1 and 2.

Dated: June 4, 2014

            Plaintiff Robert Frerck, by his attorney,

            *s/ Maurice Harmon*
            Maurice Harmon
            Harmon & Seidman LLC
            11 Chestnut Street
            New Hope, PA 18938
            (215) 693-1953
            maurice@harmonseidman.com

---

[1] *Lefkowitz v. John Wiley & Sons, Inc.,* No. 13 Civ. 6414 (KFP), Opinion and Order, Docket No. 41 at p. 29 n.9 (S.D.N.Y. June 2, 2014). *See also Lefkowitz v. McGraw-Hill Global Educ. Holdings, LLC et al.,* 13 Civ. 5023 (KPF), Opinion and Order, Docket No. 52 at p. 23 n.11 (S.D.N.Y. June 2, 2014).

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 4, 2014 I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which notifies counsel of record.

                                           *s/ Alex Rice Kerr*
                                           Alex Rice Kerr